IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ODELL T. HARVEY § | |
| § | CIVIL ACTION NO.: 21-cv-78 |
| VS. § | |
| § | |
| THE INTERLAKE STEAMSHIP § | |
| COMPANY and LAKE SUPERIOR § | |
| & ISHPEMING RAILROAD § | |
| COMPANY § | |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ODELL T. HARVEY, hereinafter referred to as 'Plaintiff', complaining of THE INTERLAKE STEAMSHIP COMPANY and LAKE SUPERIOR & ISHPEMING

RAILROAD COMPANY, hereinafter referred to as 'Defendants', and would respectfully show as follows:

I.
<u>JURISDICTION</u>

1.  This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1333 because the suit involves admiralty and maritime jurisdiction. Plaintiff's claims against Defendant, THE INTERLAKE STEAMSHIP COMPANY, are maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States, and the sixth cause of action against Defendant LS & IRC, is pursuant to the general maritime law.

2.  In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's fourth and fifth causes of action against Defendant, LAKE SUPERIOR & ISHPEMING RAILROAD COMPANY, because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution, or in the alternative, an Admiralty pursuant to 28 U.S.C. 1333.

## II.
## PARTIES

3.      Plaintiff, ODELL T. HARVEY, is an individual and a citizen of the State of Ohio. Plaintiff resides in Cuyahoga County.

4.      Defendant, THE INTERLAKE STEAMSHIP COMPANY, is a foreign corporation that is incorporated under the laws of the State of Delaware. Defendant, THE INTERLAKE STEAMSHIP COMPANY, has its principal place of business in the State of Ohio. Defendant, THE INTERLAKE STEAMSHIP COMPANY, conducts substantial business in the State of Michigan, but it does not have a registered agent for service of process in the State of Michigan. Service of process on this Defendant may be made according to the laws of the State of Michiganor as otherwise authorized by the Federal Rules of Civil Procedure.

5.      Defendant, LAKE SUPERIOR & ISHPEMING RAILROAD COMPANY, is a corporation that is incorporated under the laws of the State of Michigan. Defendant has its principal place of business in the State of Michigan. This Defendant may be served with process byserving its registered agent, The Corporation Company, at 40600 Ann Arbor Rd E Ste 201, Plymouth, MI 48170.

## III.
## VENUE

6.      Venue is proper in this district under 28 U.S.C. 1931(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV. FACTS

7.      Plaintiff, ODELL T. HARVEY, would show that this lawsuit has become necessary as a result of personal injuries he sustained on or about April 25, 2018.

8.      On or about April 25, 2018, Plaintiff, ODELL T. HARVEY, sustained injuries during the course and scope of his employment as a bosun for Defendant. THE INTERLAKE STEAMSHIP COMPANY. At all material times hereto, Plaintiff was a Jones Act seaman employed by Defendant,

THE INTERLAKE STEAMSHIP COMPANY.

9.      At all material times, Plaintiff was employed in service of the HON JAMES L OBERSTAR, a freight vessel, and Plaintiff was a member of said vessel's crew. At all material times, the HON JAMES L OBERSTAR was owned, operated, and/or controlled by Defendant, THE INTERLAKE STEAMSHIP COMPANY, and said vessel was in navigable waters at or nearthe LS&I Ore Dock in Marquette, Michigan.

10.     At all material times, the LS&I Ore Dock was owned, operated, maintained, and/or controlled by Defendant, LAKE SUPERIOR & ISHPEMING RAILROAD COMPANY.

11.     On or about April 25, 2018, employees and/or agents of Defendants, THE INTERLAKE STEAMSHIP COMPANY and LAKE SUPERIOR & ISHPEMING RAILROAD COMPANY, negligently caused Plaintiff to sustain injuries in service of the HON JAMES L OBERSTAR.

12.     At the time of the occurrence, the HON JAMES L OBERSTAR had docked starboard sideat Defendant, LAKE SUPERIOR & ISHPEMING RAILROAD COMPANY's, Ore Dock in Marquette, Michigan. The crew of the HON JAMES L OBERSTAR had to shift the vessel back and forth to evenly load ore at the dock. To do so, the crew used the vessel's winches and lines, and said lines were attached to spirals or bollards located on the ore dock.

13.     At all material times, Plaintiff, ODELL T. HARVEY, was stationed on the ore dock and assisting in the operation under the direction and control of his superiors. A fellow crewmember was on a winch taking in cable so that the vessel could move. During one of the movements, a spiral tore free from, the dock, flew through the air, and violently struck Plaintiff in the back.  As a result of the occurrence, Plaintiff sustained serious and debilitating injuries to his back, neck, and knee(s), among other parts of his body.

14.     To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the time of the occurrence in question, the same was not disabling, and he would respectfully show that such pre-existing condition, if any, was aggravated by the incident made the basis of this suitto such an extent

that it became disabling, bringing about the necessity of medical treatment.

V.
**FIRST CAUSE OF ACTION AGAINST DEFENDANT, THE INTERLAKE STEAMSHIPCOMPANY, FOR NEGLIGENCE UNDER THE JONES ACT**

15. On or about April 25, 2018, Defendant, THE INTERLAKE STEAMSHIP COMPANY, was negligent, and said negligence was a proximate cause of Plaintiff's injuries. At all relevant times, it was feasible for Defendant, THE INTERLAKE STEAMSHIP COMPANY, to provide toPlaintiff, and said Defendant owed to Plaintiff, duties of care to provide, inter alia, a safe place to work (46 U.S.C. §1331, Jones Act). Plaintiff further contends that on the occasion in question, Defendant, THE INTERLAKE STEAMSHIP COMPANY, acting through its officers, agents, servants and/or employees, was careless and negligent in the following respects:

   a. In failing to provide a safe work environment;
   b. In failing to properly supervise and oversee the operation at hand;
   c. In failing to properly train and supervise the vessel's crew;
   d. In failing to maintain adequate control over the vessel, its equipment, and gear during the operation at hand;
   e. In failing to warn Plaintiff;
   f. In operating the vessel in an unsafe manner;
   g. In failing to have adequate safety policies and procedures related to the transfer ofore onto the vessel;
   h. In failing to provide adequate assistance to Plaintiff in performing his tasks; and,
   i. Other acts of negligence as proven at time of trial.

16. On said date, and as a direct and proximate result of the negligent acts of Defendant, THE INTERLAKE STEAMSHIP COMPANY, Plaintiff developed severe and debilitating injuries to hisback, neck, and knee(s), among other parts of his body.  Said occurrence and said injuries occurred as a result of the negligence of Defendant, THE INTERLAKE STEAMSHIP COMPANY, itsagents, servants and/or employees, acting in the course and scope of their employment and agency.

VI.
**SECOND CAUSE OF ACTION AGAINST DEFENDANT, THE INTERLAKE STEAMSHIP COMPANY, FOR VESSEL UNSEAWORTHINESS**

17. At all times material hereto, Defendant, THE INTERLAKE STEAMSHIP COMPANY,

owned, operated, and/or controlled the HON JAMES L OBERSTAR. At all relevant times it was feasible for said Defendant to provide to Plaintiff, and said Defendant owed to Plaintiff, duties to provide, a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures, and complement. Defendant, THE INTERLAKE STEAMSHIP COMPANY, breached said duty of care by failing to provide any and/or all of these particulars or others as may be disclosed upon discovery hereafter. On or about April 25, 2018, Defendant, THE INTERLAKE STEAMSHIP COMPANY, was careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

j. The vessel had an incompetent master and/or crew;
k. The vessel lacked sufficient, trained crewmembers to perform the task at hand;
l. The vessel's stern lines were inadequate for the operation at hand;
m. The vessel lacked adequate safety policies and procedures related to the loading of ore onto the vessel; and,
n. Other unseaworthy conditions as proven at time of trial.

18. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, THE INTERLAKE STEAMSHIP COMPANY, is liable to Plaintiff in damages.

VII.
THIRD CAUSE OF ACTION AGAINST DEFENDANT, THE INTERLAKE STEAMSHIP COMPANY, FOR MAINTENANCE AND CURE

19. On or about April 25, 2018, and on other dates thereafter, and ever since, Defendant, THE INTERLAKE STEAMSHIP COMPANY, has wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties said Defendant owes to Plaintiff. Plaintiff further alleges that it was, and still is, the duty of Defendant, THE INTERLAKE STEAMSHIP COMPANY, as his employer, to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that Defendant, THE INTERLAKE STEAMSHIP COMPANY, has unreasonably, arbitrarily, willfully and capriciously refused to promptly pay full maintenance and cure benefits to him, and such sums were due and owing. As a result of said Defendant's unreasonable failure to provide maintenance and cure,

Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of his injuries, pain and suffering, and additional expenses.

20.     Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

21.     By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, THE INTERLAKE STEAMSHIP COMPANY, is liable to Plaintiff:

   a. Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;
   b. Physical and emotional injury, pain and suffering;
   c. Prolongation and or aggravation of injuries;
   d. Indebtedness for health care expenses;
   e. Indebtedness for daily living expenses;
   f. Prejudgment interest; and,
   g. Attorneys' fees.

22.     All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## VIII.
## FOURTH CAUSE OF ACTION AGAINST DEFENDANT, LAKE SUPERIOR & ISHPEMING RAILROAD COMPANY, FOR NEGLIGENCE

23.     Plaintiff brings this cause of action against Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, for negligence. At the time of the occurrence, Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, had a duty to exercise ordinary care and operate its dock facility reasonably and prudently. Defendant, LAKE SUPERIOR ISHPEMING RAILROAD

COMPANY, is liable for the acts and omissions of its agents and/or employees, who were acting in the course and scope of their employment in furtherance of the business interests of Defendant. The acts and omissions of negligence committed by Defendant's agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by their principal or employer, who is therefore liable under the doctrine of Respondeat Superior for the negligent actions of its employees.

24. At the time of the occurrence, Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, was in control of its ore dock facility in Marquette, Michigan. Defendant's dock equipment, specifically the spiral and/or bollard, failed while attached to the vessel's lines. Specifically, the spiral tore free, flew through the air, and struck Plaintiff in the back.

25. At the time of the occurrence, Defendant, acting through its officers, agents, servants and/or employees, was careless and negligent in its conduct in the following respects:

   a. Failing to provide proper oversight for the operation at hand;
   b. Failing to have safe and adequate policies and procedures for the loading and unloading of ore;
   c. Failing to properly inspect and maintain its equipment in safe working condition, including the spirals or bollards on the dock; and,
   d. Other negligent acts or omissions as proven at the time of trial.

26. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, is liable to Plaintiff in damages.

IX.
FIFTH CAUSE OF ACTION AGAINST DEFENDANT, LAKE SUPERIOR & ISHPEMING RAILROAD COMPANY FOR PREMISES LIABILITY

27. Plaintiff brings this cause of action against Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, for premises liability. At the time of the occurrence, Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, was the owner and/or operator in possession of the LS&I Ore Dock facility in Marquette, Michigan. Defendant, LAKE SUPERIOR ISHPEMING

RAILROAD COMPANY, was in control of the premises at the LS&I Ore Dock facility in Marquette, Michigan. Defendant had a duty to exercise ordinary care and sure that the premises did not present an unreasonable danger to the Plaintiff. This duty includes the duty to warn or cure.

28. Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, is liable for the acts and omissions of its agents and/or employees, who were acting in the course and scope of their employment in furtherance of the business interests of Defendant. The acts and omissions of negligence committed by Defendant's agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by their principal or employer, who is therefore liable under the doctrine of Respondeat Superior for the negligent actions of its employees.

29. At the time of the occurrence, Defendant, acting through its officers, agents, servants and/or employees, breached its duty of care and the premises were in an unreasonably dangerous condition in the following respects:

 d. The spiral(s) and/or bollard(s) on the dock was not in safe, working condition;
 e. The spiral(s) and/or bollard(s) on the dock was inadequate for use with the vessel's line(s);
 f. Defendant failed to inspect the spiral(s) and/or bollard(s) to identify any unreasonable risk of harm arising from its condition;
 g. Defendant failed to adequately warn Plaintiff of the condition of the spiral(s) and/or bollard(s) on the dock;
 h. Defendant failed to repair, remedy, or mitigate the unreasonable risk of harm presented by the equipment on the dock, including the spiral(s) and/or bollard(s); and,
 i. Other dangerous conditions as proven at the time of trial.

30. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, is liable to Plaintiff in damages.

X.
### SIXTH CAUSE OF ACTION AGAINST DEFENDANT, LAKE SUPERIOR & ISHPEMING RAILROD COMPANY, FOR NEGLIGENCE

31. Plaintiff brings this cause of action against Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, for breach of implied warranty of workmanlike service, under the general

maritime law, at the time of the occurrence, Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, owed Co-Defendant an implied warranty of workmanlike service of which Plaintiff is a third-party beneficiary. Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, is liable for its provisions of a berths to do so safely and properly, with a degree of diligence, attention, and skill adequate for the provisions thereof.

32. At the time of the occurrence, Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, was in control of its ore dock facility in Marquette, Michigan. Defendant's dock equipment, specifically the spiral and/or bollard, failed while attached to the vessel's lines. Specifically, the spiral tore free, flew through the air, and struck Plaintiff in the back.

33. At the time of the occurrence, Defendant, acting through its officers, agents, servants and/or employees, breached its implied warranty in the following respects:

   a. Failing to provide proper oversight for the operation at hand;
   b. Failing to have safe and adequate policies and procedures for the loading and unloading of ore;
   c. Failing to properly inspect and maintain its equipment in safe working condition, including the spirals or bollards on the dock; and,
   d. Failure of the spiral that tore free from the dock.
   e. The spiral(s) and/or bollard(s) on the dock was not in safe, working condition;
   f. The spiral(s) and/or bollard(s) on the dock was inadequate for use with the vessel's line(s);
   g. Defendant failed to inspect the spiral(s) and/or bollard(s) to identify any unreasonable risk of harm arising from its condition;
   h. Defendant failed to adequately warn Plaintiff of the condition of the spiral(s) and/or bollard(s) on the dock;
   i. Defendant failed to repair, remedy, or mitigate the unreasonable risk of harm presented by the equipment on the dock, including the spiral(s) and/or bollard(s); and,
   j. Other dangerous conditions as proven at the time of trial.

34. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, LAKE SUPERIOR ISHPEMING RAILROAD COMPANY, is liable to Plaintiff in damages.

## XI.
## DAMAGES

35. As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and

painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

36.     By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, THE INTERLAKE STEAMSHIP COMPANY and LAKE SUPERIOR & ISHPEMING RAILROAD COMPANY, are jointly and severally liable to Plaintiff:

   a. Reasonable and necessary medical expenses in the past and in the future;
   b. Physical pain and suffering in the past and in the future;
   c. Mental anguish in the past and in the future;
   d. Lost earnings;
   e. Loss of earning capacity in the past and in the future;
   f. Loss of household services in the past and future;
   g. Physical disfigurement in the past and in the future; and,
   h. Physical impairment in the past and in the future.

37.     All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## XII.
## JURY DEMAND

38.     Plaintiff demands a trial by jury and tenders the appropriate fee, under 28 USC § 1873, the

vessel being of twenty tons or upwards, enrolled and licensed in the coasting trade, and employed in the coasting trade on the Great Lakes.

## XI.
## PRAYER

39.    WHEREFORE, PREMISES CONSIDERED, Plaintiff, ODELL T. HARVEY, prays that Defendants, THE INTERLAKE STEAMSHIP COMPANY and LAKE SUPERIOR & ISHPEMING RAILROAD COMPANY, be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendants, jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, allcosts of Court, and all such other and further relief, be it general or special, at law or in equity, towhich Plaintiff may show himself justly entitled.

Respectfully submitted,

O'Bryan Baun Karamanian

/s/Dennis O'Bryan
DENNIS M. O'BRYAN (P30545)
Attorney for Plaintiff
401 S. Old Woodward Ave., Ste. 463
Birmingham, MI 48009
248.258.6262, 248.258.6047
dob@obryanlaw.net

and

Schechter, Shaffer & Harris, LLP

/s/ Matthew Shaffer
Of Counsel
3200 Travis, 3rd Floor
Houston, TX 77006
713.524.3500, 713.751.0412
mshaffer@smslegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ODELL T. HARVEY | § |
| | § CIVIL ACTION NO.: 21-cv-78 |
| VS. | § |
| | § |
| THE INTERLAKE STEAMSHIP | § |
| COMPANY and LAKE SUPERIOR | § |
| & ISHPEMING RAILROAD | § |
| COMPANY | § |

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff by and through counsel undersigned, O'BRYAN BAUN KARAMANIAN, and hereby demands trial by jury in the above-referenced cause of action.

Respectfully submitted,

O'Bryan Baun Karamanian

/s/Dennis O'Bryan
DENNIS M. O'BRYAN (P30545)
Attorney for Plaintiff
401 S. Old Woodward Ave., Ste. 463
Birmingham, MI 48009
248.258.6262, 248.258.6047
dob@obryanlaw.net

and

Schechter, Shaffer & Harris, LLP

/s/ Matthew Shaffer
Of Counsel
3200 Travis, 3rd Floor
Houston, TX 77006
713.524.3500, 713.751.0412
mshaffer@smslegal.com

12